UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
------------------------------------------------------------------------x
JULIE DERMANSKY,

        *Plaintiff*,

   -against-

ZEHL & ASSOCIATES, P.C.,

        *Defendant*.

------------------------------------------------------------------------x

Index No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Julie Dermansky ("Dermansky"), by and through her attorneys, brings this action against Zehl & Associates, P.C. ("ZA"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for direct copyright infringement and the violation of Plaintiff Dermansky's rights under Section 1202 of the U.S. Copyright Act, resulting from the unauthorized removal of Copyright Management Information ("CMI"), as that term is defined under 17 U.S.C. § 1202. Plaintiff Dermansky, a professional photographer, brings this action in response to the unauthorized use of her original copyrighted photographs, and other copyright violations, by the defendant in this action, via their website healingproperties.org.

## PARTIES

2. Since 2005, and at all relevant times, Plaintiff Dermansky has provided commercial photography services to clients in the greater Gulf Coast area and beyond, with her residence and principal place of business in New Orleans, Louisiana.

1

3. Defendant ZA is a Texas professional corporation, which on information and belief has its principal place of business in Houston, Texas, and operates zehllaw.com. The footer on zehllaw.com states "© 2020 Zehl & Associates Injury & Accident Lawyers. All rights reserved."

## JURISDICTION AND VENUE

4. This action arises under U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This court has personal jurisdiction over the Defendant ZA because, *inter alia*, it is registered to do business, and maintains its principal place of business, in the State of Texas, and Houston, Texas, respectively.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS

8. Julie Dermansky is a commercial photographer, who, among other services, provides journalistic photography services to clients. Dermansky charges and invoices these clients for the cost of her services, and further licenses her photographs for use by such clients according to limitations specified under her written and oral licensing agreements. Dermansky also licenses her photographs for uses on the Internet.

9. In 2010 Dermansky shot the subject photograph (the "Photograph") of an oil slick floating on the surface of the ocean, adjacent to an offshore drilling rig. Attached hereto as **Exhibit A** is a copy of the Photograph.

10. Dermansky is the sole owner of the copyright in the Photograph and effectively registered the Photograph in the U.S Copyright Office on November 14, 2017, with the Reg. No.

VA 2-075-546. Attached hereto as **Exhibit B** is a copy of the registration certificate for the Photograph.

11. In association with a licensed publication of the Photograph on April 20, 2016, DesmogBlog.com included Dermansky's watermark containing a copyright notice attributing to Dermansky the authorship of, and ownership of the copyright in, the Photograph. This notice, published in connection with the Photograph constitutes CMI under 17 U.S.C. § 1202.

12. ZA published a copy of the Photograph on its website, zehllaw.com, in association with an article titled "9 Years After Deepwater Horizon Explosion, Offshore Drilling Remains "Dirty and Dangerous" (the "Article"). While the Article does not indicate a publishing date, common knowledge would put it at some point in the 2019, given the Deepwater Horizon explosion occurred April 20, 2010.

13. On information and belief, ZA sourced the Photograph, or copies thereof, from the DesmogBlog.com publication of the Photograph described above.

14. At the time of ZA's display and distribution of the Photograph on its website, Dermansky had not granted ZA any license or permission to reproduce, publicly display, or otherwise use the Photograph for any purpose. Therefore, ZA's use of the Photograph was unauthorized.

15. Prior to notifying ZA of its infringement and other copyright violations, Dermansky captured an image of the ZA webpage displaying the Photograph. A review of the capture indicates that ZA did not include Dermansky's CMI. Attached hereto as **Exhibit C** is the capture of the ZA webpage displaying the Photograph.

16. Although DesmogBlog.com publication of the Photograph contained Dermansky's copyright notice, ZA nonetheless removed Dermansky's CMI and provided and/or

distributed false CMI in connection with the Photograph by erroneously asserting itself as the author/owner in connection with the Photograph.

17. In addition, at all relevant times, the footer of zehllaw.com states as follows: "© 2020 Zehl & Associates Injury & Accident Lawyers".

18. On information and believe, the above-referenced footer appears at the bottom of every webpage under the zehllaw.com domain, the website for ZA, and therefore was provided and/or distributed by ZA to the general public in connection with the Photograph.

19. By its addition and publication of the foregoing copyright notice in connection with the Photograph, ZA provide and/or distributed false CMI to any Internet user that accessed the Article, intentionally altered the Photograph's CMI, distributed CMI that had been altered, and distributed copies of the Photograph with its CMI having been altered.

20. Like many commercial photographers, Dermansky's livelihood depends on revenue generated by licensing her original works for reproduction and public display. With respect to the Photograph, the actions of ZA have deprived Dermansky of such revenue and have caused significant monetary harm to Dermansky, threatening her livelihood. Dermansky brings this action to recover her damages.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement, 17 U.S.C. §101, *et seq*.

21. Plaintiff Dermansky incorporates by reference and realleges the allegations contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. The Photograph is an original copyrightable work.

23. Dermansky is the sole author of the Photograph.

24. Dermansky has complied in all respects with 17 U.S.C. §101, *et seq*., and secured the exclusive rights in and ownership of the Photograph and has filed her registration of copyright in the Photograph with the U.S. Copyright Office in accordance with its rule and regulations. Dermansky has received Registration No. VA 2-075-546, with an effective registration date of November 14, 2017, a copy of which is attached hereto as Exhibit B.

25. By the actions alleged above, Defendant has infringed Dermansky's copyright in the Photographs by reproduction, public display, and distribution of the same, without Dermansky's permission or authorization.

26. Defendant has done so willfully and intentionally, with full knowledge of Dermansky's copyright, in particular as demonstrated by Defendant's unauthorized use of the Photograph, which contained CMI, including Dermansky's copyright notice.

27. As a direct and proximate result of the copyright infringement detailed herein, Dermansky has been and continues to be damaged in an amount unknown at present and to be determined at trial.

28. As a direct and proximate result of the copyright infringement detailed herein, Defendant has gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

29. Plaintiff Dermansky is entitled to recover from Defendant statutory damages of up to $30,000, but not less than $750, pursuant to 17 U.S.C. § 504.

30. To the extent that the acts complained of herein were undertaken willfully, Plaintiff Dermansky is entitled to increased damages of up to $150,000.

31. In the alternative, and at her election, Plaintiff Dermansky is entitled to recover her actual damages and any additional Defendant's profits not calculated in the computation of her actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

## SECOND CLAIM FOR RELIEF

### Provision and/or Distribution of False Copyright Management Information
### Digital Millenium Copyright Act, 17 U.S.C. § 1202(a)

32. Dermansky incorporates by reference and realleges the allegations contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. Defendant reproduced, published a copyright notice in connection with its publication of the Photograph and the Article, stating, "© 2020 Zehl & Associates Injury & Accident Lawyers."

34. The foregoing copyright notice constitutes CMI, in particular pursuant to 17 U.S.C. §§ 1202(c)(1), (c)(2), (c)(3).

35. The foregoing CMI is false, because, *inter alia*, Defendant does not own a copyright in the Photograph.

36. On information and belief, Defendant committed the acts described herein knowingly, in particular because the copy of the Photograph Defendant used contained Dermansky's copyright notice attributing to Dermansky authorship of, and ownership of the copyright in, the Photograph.

37. On information and belief, Defendant committed the acts described herein with the intent to induce, enable, facilitate, and/or conceal infringement.

38. Based on the foregoing, Defendant is in violation of 17 U.S.C. §§ 1202(a)(1), and (a)(2), with respect to the Photograph.

6

39.     Plaintiff Dermansky has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

40.     Defendant has gained profits that attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

41.     Plaintiff Dermansky is entitled to recover from Defendant her actual damages and any additional Defendant's profits not taken into account in computing her actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

42.     In the alternative and at her election, Plaintiff Dermansky is entitled to recover from Defendant, for each and every violation of 17 U.S.C § 1202(a)(1) and (a)(2), the full extent of which is unknown to Plaintiff Dermansky at present and which will be proven at triak, but in any event includes at minimum the two violations referenced above, statutory damages of up to $25,000, but not less than $2,5000, per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

43.     Plaintiff Dermansky is entitled to recover her costs from Defendant, pursuant to 17 U.S.C. § 1203(b)(4).

44.     Plaintiff Dermansky is further entitled to recover her attorney's fees from Defendant, pursuant to 17 U.S.C. § 1203(b)(5).

### THIRD CLAIM FOR RELIEF

**Removal and/or Alteration of Copyright Management Information
Digital Millennium Copyright Act, 17 U.S.C. §1202(b)**

45.     Dermansky incorporates by reference and realleges the allegations contained in paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.     In association with a licensed publication of the Photograph on April 20, 2016, DesmogBlog.com included Dermansky's watermark containing a copyright notice attributing to Dermansky the authorship of, and ownership of the copyright in, the Photograph.

7

47. The foregoing copyright notice constitutes CMI, in particular pursuant to 17 U.S.C. § 1202(c)(1), (c)(2), and (c)(3).

48. Defendant's publication of the Photograph, in association with the Article, was without the foregoing CMI.

49. The foregoing acts resulted in CMI being removed from the Photograph, in particular by removing Dermansky's copyright notice.

50. Defendant published a copyright notice in connection with its publication of the Photograph and the Article, stating, "© 2020 Zehl & Associates Injury & Accident Lawyers."

51. The foregoing copyright notice constitutes CMI, in particular pursuant to 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

52. The foregoing acts resulted in CMI being added to the Photograph, in particular by adding a copyright notice which was false.

53. As described above, Defendant committed numerous separate acts that resulted in both CMI being removed from the Photograph, in particular by removing Dermansky's copyright notice, and CMI being added to the Photograph, in particular by adding Defendant's own copyright notice.

54. Defendant therefore altered and/or removed the Photograph's CMI.

55. Upon information and belief, when Defendant obtained the Photograph, it contained Dermansky's clear copyright notice attributing to Dermansky authorship and ownership of the copyright in the Photograph.

56. None of the acts altering and/or removing the CMI described herein were authorized by Dermansky or the law.

57. Defendant's alteration and/or removal of CMI as described herein was committed intentionally.

58. Further, on information and belief, Defendant's distribution of CMI in connection with the Photograph was done knowing that the Photograph's CMI had been altered and/or removed with the authority of Dermanksy or the law.

59. Defendant's distribution of the Photograph, or copies thereof, was also done knowing that the Photograph's CMI had been altered and/or removed without the authority of Dermansky or the law.

60. Defendants committed all of the acts described herein knowing, or having reasonable grounds to know, that they would include, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Plaintiff Dermansky under the U.S. Copyright Act.

61. Based on the foregoing, Defendant is in violation of 17 U.S.C. §§ 1202(b)(1), (b)(2), and (b)(3) with respect to the Photograph.

62. Plaintiff Dermansky has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

63. Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

64. Plaintiff Dermansky is entitled to recover from Defendant her actual damages and any additional Defendant's profits not taken into account in computing her actual damages and any additional Defendant's profits not taken into account in computer her actual damages, pursuant to 17 U.S.C § 1203(c)(2).

65. In the alternative, and at her election, Plaintiff Dermansky is entitled to recover from Defendant, for each violation of 17 U.S.C. §§ 1202(b)(1), (b)(2), and (b)(3), the full extent of which is unknown to Plaintiff Dermansky at present and which will be proven at trial, but in any event includes at minimum the 2 violations referenced above, statutory damages of up to $25,000, but not less than $2,500, per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

66. Plaintiff Dermansky is entitled to recover her costs from Defendant, pursuant to 17 U.S.C. § 1203(b)(4).

67. Plaintiff Dermansky is further entitlted to recover her attorney's fees from Defendant, pursuant to 17 U.S.C. § 1203(b)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dermansky prays for judgment in her favor and against Defendant as follows:

(a) For an award of monetary damages in an amount to be proven at trial.

(b) For interest as allowed by law; and

(c) For such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Dermansky hereby demands a trial by jury for all issues so triable in this case.

Dated: August 26, 2021            Respectfully submitted,

**LEICHTMAN LAW PLLC**

By: *David Leichtman*

David Leichtman

228 East 45th Street, Suite 605
New York, New York 10017
Tel: (212) 419-5210
dleichtman@leichtmanlaw.com

*Attorney for Plaintiff Julie Dermansky*